The opinion of the Court was delivered by
WITHERS, J.
The defendant is vendee of Willis Benson, deceased, of a certain tract of land, and holds Benson’s bond to make titles, .upon payment of the purchase money; the vendee , has entered upon the premises, and resides there. He is sued upon notes for four hundred, part of one thousand dollars, the purchase money: six hundred have been paid in cash. The defendant insists upon an abatement on the ground of fraud generally, but when interpreted, he means, that there is paramount title to two *48 parcels of land, to wit.: thirteen acres and twenty-four acres, which the intestate knew before the sale, and his declarations are adduced to shew that, and that he meditated . an imposition upon him (the defendant). A survey of the land, without notice to the vendor, and with only copy deeds from the Register’s office, had been made, and the surveyor said that Stringfellow Benson owned a parcel of land which he designated. It was in evidence, that after the sale, the intestate said he could get the whole tract back, and that he had no title to certain parcels, which he indicated — that a part of that referred to, belonged to his sister Frances — that he would get back his land from the defendant, and six hundred dollars besides. It appeared also that a party who went into possession of ten acres, though under intestate, had paid without his knowledge, however, rent to Frances Green, and her husband fyad forbidden the defendant to exercise acts of ownership over it.
Such is substantially the evidence of outstanding paramount title which the defendant would have addressed to the jury as warranting an abatement of the sum claimed in this action. It was, indeed, before the jury. But the presiding Judge instructed them that such evidence was unavailing, at least in the Law Court, for that where there was no eviction, and the purchaser remained in possession, under his purchase, in receipt of the rents and profits, and shewed no title paramount to the vendor’s, he cannot set up a defect of title, —that this defendant’s remedy, if he had any, was alone in Equity.
This instruction is understood here to import, that the defendant had offered no evidence fit for the consideration of the jury, that there existed a title to' any part of the land paramount to the vendor’s, in whose right the action is brought.
It is in this we think there was error. This defendant did not come for a recision — which this Court cannot effect, since *49 it cannot enforce reconveyance, nor in other respects place the’parties statu quo. He claimed to have an abatement by way of discount, and alleged that his evidence, for that end, was, prima facie, sufficient, and so put the plaintiff under the necessity to rebut it. This, we must presume, was convenient for the plaintiff — since the muniments of the intestate’s title must have been, if they existed at all, in her possession, or within her power to produce. At all events, the plaintiff was bound to rebut such a deface, and we think there was evidence enough to put her to that necessity.
Allowing that Coleman might have a recision, or other relief, in Equity, it does not matter. If he was entitled at law to go to the jury, upon an issue of fact, and had offered no more than prima facie evidence, he is not estopped, even although he might have sought greater relief in another forum. He might have encountered there the doctrine, that he had clear and adequate remedy at law. That he, in fact, had, touching the matter of defence he urged, will be abundantly established by recurring to what is said upon the subject in Van Lew vs. Parr, 2 Rich. Eq. 321. We think the defendant had the right to take the sense of the jury upon his prima facie evidence, and, therefore, the motion for a new trial is ordered.
O’Neall, Wardlaw, Whitner, and MüNRO, JJ., concurred. ■

Motion granted.